IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| STANLEY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:24-cv-02824-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Stanley Williams sues Defendant Wal-Mart Stores East, LP[1] for malicious prosecution. (ECF No. 1-2 at PageID 11.) Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. (ECF No. 6; ECF No. 6-1 at PageID 21.) For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**BACKGROUND**

This is a case about a shopping trip gone awry. Near the end of July 2022, Plaintiff and a friend visited a Memphis-area Walmart store. (ECF No. 1-2 at PageID 12.) They shared a shopping cart and picked out some groceries. (*Id.*) After adding several items to the shopping cart, Plaintiff went to check out first. (*Id.*) He attempted to use the self-checkout process but

---

[1] Defendant informed the Court that Plaintiff named Walmart Inc. as the defendant in his Complaint. (ECF No. 1 at PageID 1.) But Wal-Mart Stores East, LP is the legal entity responsible for operating the Walmart store identified in Plaintiff's Complaint. (*Id.*) Because the Court dismisses the Complaint with prejudice, no further actions needs to be taken to correct the record.

had trouble using the scanning wand. (*Id.*) So a Walmart employee helped scan some of his items. (*Id.*) That employee moved on after resolving the wand issue. (*Id.*) And Plaintiff finished scanning the rest of his groceries. (*Id.*) After paying and taking his receipt, Plaintiff left his bagged and purchased items in the shopping cart with his friend. (*Id.*) He then went to the food court while his friend completed a separate transaction. (*Id.*)

And that is when the day took a turn for the worse. As Plaintiff started to leave, two Walmart employees accused him of stealing. (*Id.*) The employees directed him to the "Walmart Prevention" room where Walmart security told Plaintiff he had not paid for some of the items in the shopping cart. (*Id.* at PageID 12–13.) Police officers eventually showed up and watched a video of his transaction. (*Id.* at PageID 13.) Plaintiff denied stealing anything and offered to pay for anything not shown on his receipt. (*Id.*) He also told security and the officers about the wand issue, which a Walmart employee verified. (*Id.*) Walmart officials then asked the police either to arrest Plaintiff or cite him for a misdemeanor. (*Id.*) The police chose not to do so at that time, and Plaintiff left. (*Id.*)

But his troubles did not end there. Once at home, someone[2] called Plaintiff and asked him to head back to the store to receive a citation. (*Id.* at PageID 14.) Plaintiff refused. (*Id.*) After a few minutes, police cars showed up in his driveway and officers issued him a misdemeanor citation. (*Id.*) Walmart later swore out a warrant for Plaintiff's arrest. (*Id.*) And Plaintiff went to jail.[3] (*Id.*)

After his release, the State tried to negotiate with Plaintiff. (*Id.*) They offered to settle his criminal charge if he attended anti-theft classes. (*Id.*) Plaintiff refused. (*Id.*) Instead, still

---

[2] It is unclear whether a Walmart employee or the police called Plaintiff.
[3] The timeline is unclear, but Plaintiff hired a lawyer either before or after being released from custody. (*Id.*)

claiming innocence, he insisted that the State either watch the video of his transaction or set the case for trial. (*Id.*) The State then offered to dismiss the charge if Plaintiff paid court costs. (*Id.*) Plaintiff again refused and insisted on a trial or unconditional dismissal. (*Id.*) And on November 3, 2022, the State dismissed Plaintiff's criminal charge. (*Id.*)

Plaintiff sued Walmart a year later, alleging malicious prosecution. (*Id.* at PageID 11.) He seeks to recoup the attorney's fees he incurred during the criminal proceeding, as well as other monetary damages for the "acute embarrassment and mental anguish" Walmart caused him. (*Id.* at PageID 15–16.) Attached to his Complaint is his Order of Expungement. (*Id.* at PageID 17.) It indicates the State disposed his criminal charge—theft of property less than $1,000—"Nolle Prosequi" and with "no Court Costs." (*Id.* at PageID 17.)

## LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts which "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And that right to relief must rise "above the speculative level." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)). So to satisfy the plausibility standard, the complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Golf Vill. North, LLC v. City of Powell*, 14 F.4th 611, 618 (6th Cir. 2021) (quoting *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)) (citation omitted).

It follows that courts will grant a motion to dismiss if the plaintiff's complaint lacks a

plausible claim for relief. *Herold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015). At the same time, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). But a court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

## **ANALYSIS**

Plaintiff sues Walmart for malicious prosecution. (ECF No. 1-2 at PageID 11.) He alleges Walmart pursued a criminal theft charge against him despite knowing he was innocent. (*Id.* at PageID 15; ECF No. 9 at PageID 38.) But Walmart counters that the Court should dismiss the case because Plaintiff fails to show that the criminal proceeding terminated in his favor.[4] (ECF No. 21 at PageID 66.) As explained below, the Court agrees with Defendant.

This is a diversity case. And in diversity cases, federal courts apply the "substantive law of the state in which it sits." *Lukowski v. CSX Transp., Inc.*, 416 F.3d 478, 484 (6th Cir. 2005); *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). So Tennessee law governs here.

And under Tennessee law, malicious prosecution is a common law tort claim. *Mynatt v. Nat'l Treas. Emps. Union, Chapter 39*, 669 S.W.3d 741, 746 (Tenn. 2023). It permits someone

---

[4] Before Defendant made this argument, it claimed the statute of limitations barred Plaintiff's claim. (*See* ECF Nos. 6-1, 14.) But the statute-of-limitations clock does not start ticking for a malicious prosecution claim until "the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1). And the cause of action does not accrue until "the allegedly-malicious proceedings end in a final termination that *favors* the defendant." *Cordova v. Martin*, 677 S.W.3d 654 (Tenn. Ct. App. 2023) (emphasis added) (citing *Christian v. Lapidus*, 833 S.W2d 71, 73 (Tenn. 1992)). Before determining when Plaintiff's claim accrued, this Court must first address whether Plaintiff's criminal charges ended favorably. Because they did not, the Court need not address this issue.

4

"who was a defendant in one case to sue an individual involved in the earlier proceeding for knowingly and maliciously pursuing the defendant for a false act or crime." *Id.* (citing 5 Tenn. Prac. Civ. Proc. Forms § 8:211 (3d ed. 2001)). "To state a claim for malicious prosecution, a plaintiff must show that the defendant: (1) instituted a proceeding against him without probable cause; (2) with malice; and (3) that the proceeding terminated in the plaintiff's favor." *Id.* (citation omitted).

A recent Tennessee Supreme Court decision addressing that third element is dispositive here. In *Mynatt v. National Treasury Employees Union, Chapter 39*, several union leaders accused the plaintiff, a former union vice president, of misusing funds. *Id.* at 744–45. The accusations led to an indictment on two felony charges that the state later dismissed. *Id.* at 744. The plaintiff then sued the union leaders for malicious prosecution and civil conspiracy. *Id.* at 744–45. In the plaintiff's complaint for malicious prosecution, he argued that his felony charges terminated in his favor because they were dismissed without costs. *Id.* at 745. And to bolster his claim, the plaintiff added that he had maintained his innocence throughout the proceeding and refused to accept a plea deal. *Id.*

The *Mynatt* court set a "heightened barrier" for courts to use when determining "under what circumstances the dismissal of criminal charges constitutes a 'favorable termination' for the purposes of a malicious prosecution claim." *Id.* at 744, 751. The Tennessee Supreme Court ruled that "[a] plaintiff can pursue a claim for malicious prosecution *only* if an objective examination, limited to the documents disposing of the proceeding or the applicable procedural rules, indicates the termination of the underlying criminal proceeding reflects on the merits of the case and was due to the innocence of the accused." *Id.* at 752 (emphasis added). That means "a fact-intensive and subjective inquiry into the reasons for and circumstances leading to the

5

disposition is not permissible." *Id.* (citing *Neff v. Neff*, 247 P.3d 380, 394 (Utah 2011).

Against that backdrop, the *Mynatt* court held that the plaintiff did not allege enough facts for a court to conclude that the dismissal of his criminal case showed a favorable termination. *Id.* at 753. Although the plaintiff argued "he was only 'required to *allege* favorable termination' in his complaint," the Court found those allegations would impermissibly "require discovery to prove the final element of his malicious prosecution claim."[5] *Id.* at 753.

Applying guidance from *Mynatt* here, Plaintiff's malicious prosecution claim fails to show that the criminal proceeding terminated in his favor. Like *Mynatt*, he alleges the criminal charge terminated in his favor because he claimed innocence throughout the proceeding, refused to negotiate a settlement, and the State ultimately dismissed the case. (ECF No. 22 at PageID 70–71.) But these arguments mirror those already rejected by the Tennessee Supreme Court. *See Mynatt*, 669 S.W.3d at 743. Such subjective and circumstantial inquiries are untethered from what is permitted under Tennessee law.

So the Court turns its attention to what it may examine: the document disposing of Plaintiff's underlying criminal proceeding. It must indicate "the termination of the underlying criminal proceeding reflects on the merits of the case and was due to the innocence of the accused." *Id.* Plaintiff's Order of Expungement does none of that. The document disposes of his proceeding but only indicates that the State entered a nolle prosequi without assessing costs. And *Mynatt* made clear that a prosecutor's entry of nolle prosequi cannot support a claim for

---

[5] The Tennessee Supreme Court explained why. It reasoned "the possibility of future discovery is not only daunting, but will be costly and time-consuming." *Id.* at 752. And prosecutors may be difficult to locate and have no "recollection of their reasons for dismissing a criminal case." *Id.* And there are several reasons why a prosecutor may dismiss a case. *Id.* So "a dismissal does not, by virtue of that, indicate innocence or that the action is without merit." *Id.*

malicious prosecution.[6] *Id.* at 750 n.9 (citation omitted). Because Plaintiff's Complaint does not meet *Mynatt*'s standard, his claim fails under the third element for malicious prosecution.

## CONCLUSION

There is no doubt Plaintiff's trip to Walmart did not go as he expected. But Tennessee law does not provide Plaintiff recourse through a claim for malicious prosecution. And so taking all allegations as true, and construing the Complaint in the light most favorable to Plaintiff, the Court finds that the Complaint does not contain sufficient information to state a plausible claim for relief. The Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**SO ORDERED**, this 9th day of September, 2025.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE

---

[6] The Tennessee Supreme Court acknowledged that it once held that "a prosecutor's entry of a nolle prosequi could support a claim for malicious prosecution." *Id.* (citation omitted). But *Mynatt* expressly overruled that case law, finding it inconsistent with Tennessee's updated objective standard.